# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:13cr154

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| Vs. | )     ORDER<br>) |
| COREY DONNELL JENKINS, | )<br>) |
| **Defendant.** | )<br>) |

**THIS MATTER** is before the court on defendant's Motion to Reconsider Bond (#13), which the court has deemed to be an appeal from the magistrate judge's Order of Detention. Defendant was detained after his initial appearance and continues to be detained after entry and acceptance of a straight-up plea to a one-count Bill of Indictment charging defendant with violation of 18 U.S.C. § 922(g). Specifically, the magistrate judge determined that defendant presented a serious risk of flight and that defendant would pose a danger to the safety of another person or the community. At this point, the court considers the acceptance of defendant's plea to be a finding of guilt as to the commission of a crime of violence. In accordance with Section 3145(c), the court has promptly considered the appeal from such detention Order, and will deny the appeal as the court has found that defendant has not met his burden of proof under the statute.

Having been found guilty of a crime of violence, the burden shifts to defendant to satisfy the requirements of Section 3143(a)(2)(A) and show why he should be released

-1-

pending sentencing.  At this point, detention is *mandated* by 18, United States Code, Section 3143(a)(2), which provides:

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless—
> (A) (i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

18 U.S.C. § 3143(a)(2).  Where a defendant pleads guilty to a crime of violence carrying a maximum possible penalty of at least ten years, this provision provides that the court "shall" detain the defendant where the defendant cannot meet either the A(i) or A(ii) exception.  Id.  Here, there is absolutely no evidence that either subsection (i) or (ii) of Section 3143(a)(2)(A) could be met; further, defendant has not forecast clear and convincing evidence that he is neither a flight risk nor a danger to the community as required in Section 3143(a)(2)(B).  Indeed, review of defendant's criminal history fully supports Judge Keesler's determinations as to risk of flight and dangerousness.  See Pretrial Criminal History (#8); *c.f.* Order of Detention (#5).

In support of his argument for release, defendant has cited the court to 18 U.S.C. § 31459(c), which provides as follows:

> **(c) Appeal From a Release or Detention Order.**— An appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provisions of section 1291

> of title 28 and section 3731 of this title. The appeal shall be determined promptly. A person subject to detention pursuant to section 3143 (a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143 (a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate.

18 U.S.C. § 3145(c). As discussed above, defendant does not satisfy the conditions of release set forth in section 3143 (a)(1) or (b)(1); thus, defendant's attempt at showing exceptional circumstances under Section 3145(c) is unavailing as he does not meet the prerequisites of that provision.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Reconsider Bond (#13), which the court has deemed to be an appeal from the magistrate judge's Order of Detention, is **DENIED**, and the magistrate judge's Order of Detention is **AFFIRMED**.

Signed: November 15, 2013

Max O. Cogburn Jr.
United States District Judge